**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4192**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

YASTRZEMSKI LIPSCOMBE, a/k/a O,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:12-cr-00024-HMH-5)

———————

Submitted: April 29, 2014           Decided: May 12, 2014

———————

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

T. Micah Leddy, THE LEDDY LAW FIRM, LLC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yastrzemski Lipscombe was convicted of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). He was sentenced to 151 months in prison. Lipscombe appeals, alleging that the district court's restriction on the scope of cross-examination violated the Confrontation Clause. We affirm.

Prior to trial, the district court ruled that Lipscombe could not inquire of cooperating witnesses about the specific sentences they faced. At trial, coconspirators Larry Gory, Anthony Yanez, and Demeika Martin testified for the United States. All had previously pled guilty. Gory testified on direct that, although the United States did not promise in his plea agreement that he would receive a sentence reduction in return for his testimony, he was hoping for such a reduction. Yanez testified that his plea agreement, which required him to tell the truth, did not contain a promise from the United States to move for a sentence reduction. However, Yanez stated that he hoped for a lenient sentence as a result of his testimony against Lipscombe. On cross-examination, Yanez reiterated that he wanted his sentence "to be more lenient." He added that he was "facing . . . a severe mandatory minimum sentence" and that, in addition to telling the truth, he had to provide "substantial assistance" in order to receive leniency. Finally, Martin

2

testified on direct that, while the United States had not promised a reduction in his sentence, he was hoping for such a reduction.

District "judges possess wide latitude to impose reasonable limits on cross-examination, based on concerns including harassment, prejudice, confusion of the issues, repetition, or marginal relevance." United States v. Turner, 198 F.3d 425, 429 (4th Cir. 1999). With respect to limitations on cross-examination of cooperating witnesses, the relevant issue is "whether the jury possesse[d] sufficient evidence to enable it to make a discriminating appraisal of bias and incentives to lie on the part of the witnesses." United States v. Cropp, 127 F.3d 354, 359 (4th Cir. 1997). A district court's limitation on a defendant's cross-examination of a prosecution witness is reviewed for abuse of discretion. United States v. Ramos-Cruz, 667 F.3d 487, 500 (4th Cir. 2012).

We are convinced that the jury had before it sufficient evidence upon which to assess witness bias and incentive to lie. Through questioning of Gory, Yanez and Martin, the jury learned that they had entered into plea agreements with the United States and that they hoped to receive more lenient sentences in return for testifying at Lipscombe's trial. Precluding Lipscombe from eliciting testimony concerning

3

the specific sentences the witnesses faced was not an abuse of discretion.

Accordingly, we affirm Lipscombe's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4